INDEPENDENCE COUNTY, ARKANSAS
CIRCUIT CLERK GREG WALLIS
FILED FOR RECORD BY
CARMEN DUNCAN D.C.

**DATE: NOVEMBER 20, 2023**
**TIME: 11:53:41**

IN THE CIRCUIT COURT OF INDEPENDENCE COUNTY, ARKANSAS
CIVIL DIVISION

**BRAD FREEMAN**            **PLAINTIFF**

v.        Case No. 32CV-23-_401_

**PLEASANT PLAINS, ARKANSAS**            **DEFENDANT**

### ORIGINAL COMPLAINT

COMES NOW Brad Freeman, by and through his attorney Chris Burks and Lindsey Noe of WH LAW, for his Complaint against Pleasant Plains, Arkansas, he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff Brad Freeman was the Chief of Police for the City of Pleasant Plains, Arkansas.

2. Freeman witnessed illegal acts committed by city employee Paula Burns. Freeman was exhorted to not report these illegal acts by Paula Burns and her husband, Mayor Ken Burns.

3. Freeman nonetheless reported these illegal acts to an outside agency.

4. After making this report, Plaintiff was summarily terminated from his position by Mayor Burns.

### II. PARTIES, JURISDICTION AND VENUE

5. Plaintiff was at all times relevant to this complaint a resident of Cleburne County, Arkansas.

Exhibit 1

Page 1 of 9

6. Plaintiff was hired as the Chief of Police for the City of Pleasant Plains, Arkansas on or about January 10, 2023.

7. Defendant Pleasant Plains, Arkansas is a municipality incorporated under the laws of the State of Arkansas.

8. Defendant can be served via its Mayor, Kenneth Burns, at 6 Floral Rd., Pleasant Plains, AR 72568.

9. This suit alleges common law causes of action against the Defendant which occurred in the State of Arkansas, and this suit seeks damages as relief.

10. The subject matter jurisdiction and venue are proper in Independence County Circuit Court.

11. The Defendant is subject to this Court's personal jurisdiction as well.

### III. FACTUAL ALLEGATIONS

12. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

13. Plaintiff was hired by the City as their Chief of Police on or about January 7, 2023.

14. Plaintiff was the first Chief hired by the city for their inaugural Police Department. As Chief, Plaintiff oversaw the creation of the City's first Police Department, which was established in 2023.

15. As law enforcement officers, Plaintiff and his department received mail that was confidential and privileged. This includes mail from the Arkansas Crime Information Center ("ACIC").

16. The State of Arkansas has established specific restrictions and conditions on the access and use of information received through the ACIC.

17. Arkansas Code Annotated §12-12-207 restricts use of the ACIC system "to serving the informational needs of governmental criminal justice agencies and others specifically authorized by law."

18. A.C.A. § 12-12-211 restricts access to records to employees of state agencies, such as the Office of Child Support Enforcement, and law enforcement officers who have completed preparatory programs and courses required by A.C.A. § 14-14-1314.

19. Under A.C.A. § 12-12-212, it is a class A misdemeanor to knowingly "access information or obtain information" received from ACIC for a purpose not specified by A.C.A. § 12-12-207 and similar regulations.

20. It is a crime for unauthorized persons to access ACIC records and information, or for authorized persons to view ACIC records and information for any purposes not established under Arkansas law.

21. ACIC Regulations, adopted in accordance with the Administrative Procedures Act, state that the AACIC "printouts, listings, or other official records" must be disposed of "by shredding, burning or other appropriate methods that will prevent any subsequent access by unauthorized persons or for unauthorized purposes."

22. These laws and regulations were created to protect Arkansas citizens, as their confidential criminal information is available through ACIC. They protect citizens from the review and dissemination of confidential information by unauthorized persons or by authorized persons who attempt to use information for unauthorized purposes.

23. During his employment, Plaintiff repeatedly requested the City allow him to have mail for the Police Department sent to a post office box to ensure Plaintiff and other authorized personnel were the only ones who were able to access confidential information, such as records and information from ACIC.

24. During his employment, Plaintiff repeatedly requested that non-authorized City employees immediately stop opening any mail addressed to him or to the Police Department, to prevent any unauthorized persons from accessing confidential information, such as records and information from ACIC.

25. The City consistently and knowingly disregarded Plaintiff's requests.

26. Paula Burns, an Administrative Assistant for the City of Pleasant Plains and the wife of Mayor Ken Burns, came to Plaintiff's office with mail from ACIC that was addressed to the Plaintiff or the Pleasant Plains Police Department.

27. Burns had opened the mail and was reading the confidential records enclosed.

28. Plaintiff told Burns that he had repeatedly told her not to open or look at mail addressed to Plaintiff or the Police Department, because it is a crime for unauthorized persons to review records from ACIC.

29. Burns replied that she had had the ACIC records sitting on her desk for at least two to three days.

30. Burns's office is open to the public and citizens enter her office on a regular basis.

31. Burns knowingly accessed information which was addressed to the Pleasant Plains Police Department or to the Plaintiff. Burns knowingly reviewed the confidential records and information from ACIC. Burns knowingly withheld this information from Plaintiff for at least two

Exhibit 1

Page 4 of 9

to three days. Burns knowingly left this information on her desk in her office, which is open to the public, during a two-to-three-day period, allowing numerous unauthorized people access to confidential records and information under ACIC. These actions constitute violations of A.C.A. §§ 12-12-207, -211, and -212.

32. Plaintiff informed Burns he would have to report her actions to the ACIC.

33. Burns pleaded with Plaintiff to cover up what she had done by not reporting her to ACIC.

34. Plaintiff replied that he was unable to do that, because it is a crime for unauthorized people to access ACIC information and records.

35. Plaintiff contacted ACIC and made a report to them that Burns had knowingly accessed ACIC records that she was not authorized to review, that she kept this information from the Plaintiff for at least two to three days, and that she left these records in public view in an unsecured office that is open to, and frequently visited by, members of the public.

36. Burns notified her husband, Mayor Ken Burns, about this incident, and Mayor Burns berated Plaintiff for reporting his wife, stating that Plaintiff had placed her career in jeopardy and that Plaintiff did not have to report her to ACIC.

37. Mayor Ken Burns knew that his wife, a city employee, violated the law by accessing these records and told Plaintiff, his Chief of Police, that he should have covered up his wife's actions by not reporting them to an outside agency.

38. On October 2, 2023, Plaintiff met with city officials, including Mayor Burns and Paula Burns.

Exhibit 1

Page 5 of 9

39. In this meeting, Plaintiff discussed his purchases of equipment for the department, including a $360 ballistics shield that Plaintiff had purchased to store at the Pleasant Plains school.

40. The Mayor and other city officials disagreed with Plaintiff's purchase of the ballistics shield and the fact that he was storing it at the school, though Plaintiff explained that he thought this was the best location to store it to make sure it was available immediately if a violent incident occurred at the school.

41. After the meeting, Mayor Burns told Plaintiff he was being terminated because his employment "wasn't working out."

42. Plaintiff had no disciplinary record with the City prior to his termination.

43. After his termination, Plaintiff repeatedly requested a grievance hearing before the City Council regarding his termination.

44. Mayor Burns denied his request and refused to allow Plaintiff a hearing.

45. Upholding Plaintiff's termination without allowing Plaintiff a grievance hearing or any opportunity to appeal his grievance to the City Council, which had no opportunity to review Plaintiff's employment record prior to his termination, denies the Plaintiff due process of under the law, as guaranteed by the 14th Amendment to the United States Constitution.

46. The Defendant's reasons for terminating Plaintiff on October 2, 2023, were pretextual.

47. Plaintiff was terminated as a direct result of making a legitimate and truthful complaint to ACIC, a state agency, about actions taken by a City employee that violated the law.

48. After his termination, Defendant violated Plaintiff's constitutional rights to due process by refusing to allow him a hearing before the City Council.

## IV. FIRST THEORY OF RECOVERY

49.     <u>Wrongful Discharge in Violation of Public Policy.</u> There is a well-established public policy in this State favoring the reporting of illegal and unsafe activity, specifically OSHA violations and worker-safety issues such as those in A.C.A. § 11-5-301 *et seq*.

50.     When Defendant terminated Plaintiff for making a legitimate and truthful report to ACIC about a city employee accessing confidential ACIC information and records, which is a crime under the laws of the State of Arkansas, it acted in violation of public policy.

51.     As a direct and proximate result of the actions of the Defendant and its agents as set forth in Section II herein, Plaintiff has suffered irreparable harm to his reputation; he has suffered loss of income in the past and will continue to suffer loss of earning capacity in the future; and Plaintiff has endured emotional pain and turmoil in the past and will continue to endure the same in the future. He is entitled to both compensatory and punitive damages from the Defendant as a result of the conduct alleged herein.

52.     All acts of the Defendant's agents and employees and officers against Plaintiff were done within the scope and course of their employment with the Defendant, and thus Defendant is liable for such acts under the theory of *respondent superior*.

## V. SECOND THEORY OF RECOVERY
(Under the Due Process Clause of the United States Constitution, 42 U.S.C. § 1983)

53.     Plaintiff repeats and re-alleges the preceding paragraphs of this Complaint as if set forth in this section.

54.     Defendant's refusal to allow Plaintiff a hearing before the City Council harms Plaintiff and other city employees as it refuses them the right to a grievance procedure to dispute

terminations made by City officials, specifically Plaintiff's unlawful termination for reporting illegal acts committed by a city employee to an outside agency.

55. Defendant's refusal to allow Plaintiff a hearing also harms the citizens of Pleasant Plains, as it allows Defendant to cover up unlawful actions taken by city employees that could result in harm to citizens, such as citizens whose records are accessed through ACIC and viewed by unauthorized persons. The Defendant's actions are intended to cover up illegal actions by City employees.

56. The City has a duty to serve its citizens by allowing its employees to engage in an open and transparent process before the City Council to report criminal acts committed by city employees.

57. By categorically excluding Plaintiff the right to a grievance hearing on his termination before the City Council, the City has taken actions contrary to the best interests of its employees and the citizens of Pleasant Plains.

58. The City's actions significantly harm Plaintiff by giving him no adequate remedy at law to redress the wrongs admitted herein, which are of a continuing nature and will cause irreparable harm.

59. Defendant's refusal to allow Plaintiff a hearing before the city council deprives Plaintiff of his constitutional right to due process of the laws under the Fourteenth Amendment of the United States Constitution.

WHEREFORE, the Plaintiff, Brad Freeman, prays for a declaration that the Defendant's refusal to allow Plaintiff a hearing before the City Council violated Plaintiffs' rights to due process and equal protection under the United States Constitution, and for judgment against the

Defendant in the form of both back and front pay, compensatory and punitive damages in an unliquidated sum and for all other just and proper relief to which he may be entitled, including, but not limited to, attorney's fees and costs.

        Respectfully submitted,

        **Brad Freeman, PLAINTIFF**

        wh Law
        Jonesboro Office
        870.888.4357

By:   */s/ Chris Burks*
        Chris Burks (ABN: 2010207)
        chris@wh.law
        Lindsey Noe (ABN: 2009209)
        lindsey@wh.law

        Mailing Address:
        1 Riverfront Place, Suite 745
        North Little Rock, AR 72114