IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

BRAD FREEMAN                                                                            PLAINTIFF

v.                              Case No. 3:23-cv-00259-KGB

PLEASANT PLAINS, ARKANSAS                          DEFENDANT

## ORDER

Before the Court is the status of this case. On or about November 20, 2023, plaintiff Brad Freeman filed the instant action in circuit court in Independence County, Arkansas (Dkt. No. 1, ¶ 1). The complaint alleged two counts against defendant Pleasant Plains, Arkansas ("Pleasant Plains"): (1) wrongful discharge in violation of public policy under Arkansas law; and (2) violation of the Due Process Clause of the Fourteenth Amendment, brought pursuant to 42 U.S.C. § 1983 (Dkt. No. 2, ¶¶ 49–59). Because count two raised a federal claim, on December 22, 2023, Pleasant Plains removed the case to this Court pursuant to 28 U.S.C. §§ 1331 and 1441 (Dkt. No. 1, ¶¶ 4, 7).

On April 22, 2025, Pleasant Plains filed a motion for summary judgment arguing that there are no genuine issues of material fact with respect to either of Mr. Freeman's claims and that Pleasant Plains is therefore entitled to summary judgment (Dkt. No. 22). Mr. Freeman responded in opposition to the motion (Dkt. No. 26). In his response, Mr. Freeman states that he "consents to the non-suit of count [two] for violation of his right to due process" (*Id.*, at 12). Mr. Freeman represents that he consents to the nonsuit of his due process claim because "A.C.A. § 14-42-110(a)(1) and existing case law limit a Police Chief's right to a post-termination hearing before a City Council" (*Id.*). However, Mr. Freeman opposes the motion for summary judgment as to his state law wrongful discharge claim (*Id.*). Pleasant Plains filed a reply (Dkt. No. 27).

The Court determines that Mr. Freeman's voluntary nonsuit of his due process claim is best viewed through the lens of Federal Rule of Civil Procedure 15.  Federal Rule of Civil Procedure 41 provides for the voluntary dismissal of actions, but the weight of authority indicates that Rule 41 does not apply to partial dismissals, where the plaintiff seeks to dismiss some claims but not others.  *See In re Esteva*, 60 F.4th 664, 675–78 (11th Cir. 2023); *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015); *Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 720 (5th Cir. 2010); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687–88 (9th Cir. 2005); *Gobbo Farms & Orchards v. Poole Chem. Co.*, 81 F.3d 122, 123 (10th Cir. 1996); *Mgmt. Invs. v. United Mine Workers of Am.*, 610 F.2d 384, 394 n.22 (6th Cir. 1979).  *But see Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997).  Even where partial voluntary dismissals are styled as brought pursuant to Rule 41, courts may properly construe them as requests for leave to amend the operative complaint pursuant to Rule 15.  *See Hells Canyon Pres. Council*, 403 F.3d at 689; *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004); *Mgmt. Invs.*, 610 F.2d at 394.  The Court construes Mr. Freeman's voluntary nonsuit of his due process claim as a Rule 15(a)(2) request to amend his complaint.

When a party seeks to amend a pleading after the deadline for doing so set forth in the Court's scheduling order, the Court must apply Federal Rule of Civil Procedure 16(b)'s good-cause standard to determine whether to modify a scheduling order.  "To permit district courts to consider motions to amend pleadings under Rule 15(a) without regard to Rule 16(b) 'would render scheduling orders meaningless and effectively . . . read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.'"  *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (quoting *Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1419 (11th Cir. 1998), and citing *Leary v. Daeschner,* 349 F.3d 888, 909 (6th Cir. 2003)); *Hawthorne Land Co. v. Occidental*

*Chem. Corp.,* 431 F.3d 221, 227 (5th Cir. 2005), *cert. denied,* 549 U.S. 811 (2006); *O'Connell v. Hyatt Hotels of P.R.,* 357 F.3d 152, 154–55 (1st Cir. 2004); *Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 340 (2d Cir. 2000); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992)).

In this case, because both parties represent in their respective filings that Mr. Freeman's due process claim is precluded by controlling law (*see* Dkt. Nos. 24, at 8–9; 26, at 12), the Court grants Mr. Freeman's request.[1] Having permitted amendment of Mr. Freeman's complaint to remove the only federal claim that he asserts against defendant Pleasant Plains, the Court, as it must, *see Thomas v. Basham*, 931 F.2d 521, 523 (8th Cir. 1991), turns to the issue of subject matter jurisdiction. As noted, Mr. Freeman's due process claim provided the basis for Pleasant Plains' removal of this case to federal court pursuant to 28 U.S.C. § 1331. Now, however, Mr. Freeman's operative complaint includes only a state law wrongful discharge claim. Neither party claims that the Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332, and the Court sees no plausible basis for diversity jurisdiction.[2]

In *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 25–26 (2025), the Supreme Court held that, in cases where a federal court sits in federal question jurisdiction, when a plaintiff is permitted to amend the operative complaint to remove all federal claims, the court loses supplemental jurisdiction over the remaining state law claims. District courts have already applied *Royal Canin* in cases where the plaintiff frames the amendment in terms of a voluntary dismissal of the federal claims rather than a formal Rule 15 motion. *See Medford v. Okla. ex rel. Grubb*,

---

[1] The Court further notes that Pleasant Plains did not object to Mr. Freeman's voluntary non-suit of the due process claim in its reply brief (Dkt. No. 27).
[2] Mr. Freeman avers that he was a resident of Cleburne County, Arkansas, "at all times relevant to this complaint," and that Pleasant Plains is an Arkansas municipality (Dkt. No. 2, ¶¶ 5, 7). As such, both parties are citizens of Arkansas for diversity purposes.

3

Case No. 5:25-cv-00340-JD, 2025 WL 959945 (W.D. Okla. Mar. 31, 2025); *Baldwin for & on behalf of K.B. v. Kalispell Sch. Dist. #5*, Case No. 9:23-cv-00127-DWM, 2025 WL 289352 (D. Mont. Jan. 24, 2025).

Even if *Royal Canin* does not apply to the facts of this case given the untimeliness of the proposed amendment, *see O'Rear v. Diaz*, Case No. 1:24-cv-01669-PAE, 2025 WL 835018 (S.D.N.Y. Mar. 14, 2025), the supplemental jurisdiction doctrine nevertheless counsels against retaining jurisdiction over this case. After resolution of summary judgment motions, in the "usual case" where all federal claims are dismissed on a motion for summary judgment, "the balance of factors to be considered under the [supplemental] jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Starkey v. Amber Enters., Inc.*, 987 F.3d 758, 765 (8th Cir. 2021) (alteration in original) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Given these circumstances, whether this Court lacks subject matter jurisdiction to exercise supplement jurisdiction under *Royal Canin* or declines to do so under the supplemental jurisdiction doctrine, the Court does not retain supplemental jurisdiction over Mr. Freeman's state law claim. The Court denies as moot the pending motions (Dkt. Nos. 9; 12; 22). The Court therefore directs the Clerk of Court to remand this action immediately to Independence County, Arkansas, circuit court.

It is so ordered this 20th day of May, 2025.

Kristine G. Baker
Chief United States District Judge

4